[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Request to Inspect Records under Seal
The plaintiffs, Chief, Police Department, City of New Haven, and Michael Dearington, State's Attorney, have filed an administrative appeal of the final decision of the defendant freedom of information commission ("commission") granting in part the request of the defendants Hartford Courant and Les Gura ("Courant"), made under the Freedom of Information Act ("FOIA"), General Statutes § 1-200 et seq., to disclose the police records relating to the December 4, 1998 homicide of Yale University student Suzanne Jovin. On May 6, 2002, the court granted the plaintiffs' motion to seal these records, which the commission had reviewed in camera. See Practice Book § 11-20(b). The Courant and the commission now move for permission to have their attorneys inspect the sealed records for the purpose of assisting them in arguing this appeal and facilitating the in camera review of these records by the court. The Courant represents that its attorney will not disclose the substance of the documents to the client; the commission seeks permission to have its attorney inspect the documents in part so that he can discuss them with the hearing officer, who already has had access to them.
The court grants most of the relief requested. There is authority to do so. General Statutes § 1-206 (d) gives the court power to "order the records to be sealed or inspected on such terms as the court deems appropriate, during the appeal."[1] While the Connecticut appellate courts have not addressed this issue, appellate courts or judges in other jurisdictions interpreting their own freedom of information statutes have approved the concept of granting counsel seeking disclosure access to the documents in dispute. See Ray v. Turner, 587 F.2d 1187, 1205 n. 24 (D.C. Cir. 1978) (Wright, C.J., concurring); Evening News Association v. Cityof Troy, 417 Mich. 481, 339 N.W.2d 421, 438 (1983).
In applying this authority, the court relies on three principal considerations. First, it is undoubtedly true that affording counsel for CT Page 7456 the defendants access to the documents in dispute will assist the defendants in defending this appeal. Without access to the records, defendants' counsel are in the difficult position of having to argue that records are not exempt under FOIA without having seen the records. Because counsel for the plaintiffs, based on their law enforcement positions, do have access to the police record, granting access to defendants' counsel will help level the playing field in this appeal and promote fairness in the adversary process.
Second, allowing defendants' counsel access to the records under seal will assist the court in deciding this case. The record is voluminous. In the proceedings before the commission, the plaintiffs "[claimed] a blanket exemption to disclosure and then simply [unloaded] the thousands of pages of in camera records on the Commission for it to review and determine which, if any, are exempt." (Commission's Final Decision, p. 5 ¶ 4.) While counsel for the plaintiffs have represented that, in this court, they will make an index of the records for the court's assistance, the task of conducting an in camera review of these records nonetheless appears daunting. The court will need all the assistance it can obtain. Allowing defendants' counsel access to the records will sharpen the arguments. As counsel for the Courant observes, affording defendants' counsel access to the records may also convince defendants' counsel that the plaintiffs' claim of exemption for certain documents has sufficient merit, thereby eliminating the argument over those documents.[2]
Third, while the court is sensitive to the law enforcement interests at stake here, the court does not believe that allowing Attorney Ralph G. Eliot, counsel for the Courant, and Attorney Victor R. Perpetua, appellate attorney for the commission, access to the sealed records under a court order will compromise those interests. Some limited disclosure of sensitive documents is inevitable in most any case addressing whether they should remain confidential. Thus, in this case, the commission hearing officer and staff counsel have already had access to these records. Based on experience, the court trusts Attorneys Eliot and Perpetua and has confidence that they also will not disclose sealed records. The court enters an appropriate order below that seeks to balance the competing interests.
The Courant requests additional permission for Attorney Stephanie Abrutyn, counsel for the Tribune Company, which is the Courant's owner, to have access to the sealed record. The request is denied. The Courant did not mention Attorney Abrutyn at the chambers conference in which the parties discussed this matter. The court does not know Attorney Abrutyn. It does not appear that her client, the Tribune Company, is even a party to this case. CT Page 7457
Accordingly, the court enters the following order:
 1. Attorneys Eliot and Perpetua shall have access to the sealed documents in dispute in this case (hereinafter "documents") at the New Britain courthouse. If the plaintiffs have copies of these documents, Attorneys Eliot and Perpetua may inspect these copies at any other location and under any other conditions agreed upon by the parties. Attorneys Eliot and Perpetua shall not reveal the substance of the documents to anyone not authorized to see them.
 2. Attorneys Eliot and Perpetua may not remove any documents from the location where they are being reviewed, photocopy or otherwise replicate the documents, or make any notes that contain the substance of the documents.
 3. In briefs and oral arguments, counsel shall refer to the documents by page number, other reference numbers, or generic descriptions or characterizations that do not reveal the substance of the documents.
The court enters a stay of this order through June 14, 2002 for the purpose of allowing any party to file a petition for review or any other appropriate remedy.
It is so ordered.
 ___________________ Carl J. Schuman Judge, Superior Court